UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

____

DENNIS GRAYSON,

        Plaintiff,

v.

UNKNOWN PART(Y)(IES),

        Defendant.
_____/

Case No. 2:24-cv-101

Honorable Robert J. Jonker

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." *Id.* The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Grayson v. Frontera*, No. 2:07-cv-42 (W.D. Mich. June 11, 2007); *Grayson v. Caruso et al.*, No. 2:08-cv-177 (W.D. Mich. Nov. 3, 2008); *Grayson v. Frontera*, No. 2:08-cv-191 (W.D. Mich. Oct. 20, 2008). Additionally, Plaintiff has been denied leave to proceed *in forma pauperis* under the three-strikes rule on several occasions. *See Grayson v. Caruso*, No. 2:10-cv-4 (W.D. Mich. Apr. 9, 2010); *Grayson v. Unknown Part(y)(ies)*, No. 2:20-cv-204 (W.D. Mich. Nov. 19, 2020); *Grayson v. Plum*, No. 2:22-cv-154 (W.D. Mich. Aug. 19, 2022).

In the present case, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. *See* 28 U.S.C. § 1915(g). Plaintiff presents claims regarding the repair of one of the arms on his eyeglasses. (*See generally* Compl., ECF No. 1.) Plaintiff does not allege facts showing that he is in imminent danger of serious physical injury.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

**Conclusion**

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[2]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:     July 19, 2024                             /s/ Robert J. Jonker
                                                    Robert J. Jonker
                                                    United States District Judge

---

[2] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.